## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Linda S. Parks, Trustee,

*Plaintiff*,

vs.                                                          Case No. 12-mc-114-EFM

Consumer Law Associates, LLC,


*Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Withdraw Reference from Bankruptcy Court (Doc. 1).  The trustee filed a response in opposition (Doc. 2).  Bankruptcy Judge Dale Somers filed a Report and Recommendation pursuant to D. Kan. R. 83.8.6 (Doc. 3).  The Court has reviewed the motion, response, and Judge Somers' recommendation.  For the following reasons, the Court grants the motion and adopts the Report and Recommendation.

Linda Parks, the Chapter 7 Trustee, filed the adversary case. The case involves allegations that the debtor, Dana Stahl, in an effort to avoid bankruptcy, retained Consumer Law Associates, LLC ("CLA") to assist her in resolving her unsecured debt. For the two years preceding Stahl's bankruptcy filing, she made payments to CLA.  In March 2010, Stahl stopped making payments and filed for Chapter 7 bankruptcy. CLA refunded a portion of its legal fees, but it kept approximately $4000. The Trustee seeks to avoid and recover monies charged by CLA and brings several Kansas state law claims against CLA, including that its acts violated the Kansas Consumer Protection Act ("KCPA") and the Kansas Credit Services Organization Act ("KCSOA").

Defendant moves for withdrawal to this Court.

28 U.S.C. § 157(d) provides:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

In his recommendation, Judge Somers found that conditions for withdrawal were present. Judge Somers first found that there was a right to a jury trial on the majority of the Trustee's claims. In addition, he found that the non-core claims present in the case precluded the bankruptcy court from entering final judgment on those claims.  Finally, Judge Somers noted that there were eight other actions pending in the Bankruptcy and District Court of Kansas with substantially similar claims.[1] Judge Somers found that it would be more efficient for these cases to be decided in one forum. Thus, for those reasons, Judge Somers recommended withdrawal of the reference.

**IT IS ACCORDINGLY ORDERED** that Defendants' Motion to Withdraw Reference from Bankruptcy Court (Doc. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Bankruptcy Judge's Report and Recommendation (Doc. 3) is **ADOPTED**.

---

[1] In one of the cases pending before the district court, Judge Marten certified two questions to the Kansas Supreme Court. *See Hays v. Ruther*, Case No. 11-1163-JTM, Doc. 49.

**IT IS SO ORDERED.**

Dated this 29th day of August, 2012.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE